BARNET WIENER and Others, Respondents, *v.* BENSON BUILDING Co., INC., Defendant, Impleaded with ELIAS KLETZKIN and Another, Appellants.

Second Department, June 26, 1925.

Parties — action by real estate brokers to recover money alleged to have been paid to purchaser for three plaintiffs as their commissions on sale — name of one of plaintiffs cannot be stricken out for alleged obligation runs to all three plaintiffs under allegations in complaint — fact that one of plaintiffs was not duly licensed real estate broker will not defeat his cause of action.

In an action by a firm of real estate brokers, consisting of three members, to recover from a purchaser the amount of their commissions which the owner had paid over to the purchaser under an agreement by the purchaser to pay the plaintiffs, the name of one of the plaintiffs will not be stricken out on application by the plaintiffs, where the complaint is not amended to show that the obligation

ran only to the two remaining plaintiffs, for under the allegations of the complaint, the obligation by the purchaser was an obligation to all three plaintiffs, and under those allegations two of the three plaintiffs cannot maintain an action to recover the money.     .

*It seems,* that the fact that one of the three plaintiffs was not a duly licensed real estate broker under section 442-e of the Real Property Law, would not bar the plaintiff's right to recover the money paid to the purchaser by the owner, since the action is not one to recover real estate commissions as such.

APPEAL by the defendants, Elias Kletzkin and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 12th day of May, 1925, striking out the name of Samuel Merlin as a party plaintiff upon the payment of taxable costs to date and directing that the action continue without prejudice in the names of the other plaintiffs.

*Julius Applebaum,* for the appellants.

*William Godnick,* for the respondents.

KELLY, P. J.:

In the amended complaint the plaintiffs — three of them — allege that at all the times thereinafter mentioned the plaintiffs — that is, the three plaintiffs — were and are now duly licensed real estate brokers; that on or about December 1, 1922, the defendant Benson Building Co., Inc., " employed the plaintiffs," and this means the three plaintiffs, to procure a purchaser for a four-story apartment house at Twentieth avenue and Eighty-first street, and " agreed to pay these plaintiffs " the usual real estate brokers' commission of two and one-half per cent.

That thereafter " these plaintiffs " procured a purchaser for the defendant Benson Building Co., Inc., to wit, the two defendants Kletzkin, who purchased the property for $162,000 and took title thereto; that at the time the defendants' offer was accepted, the Benson Company insisted that the commission to be paid to the plaintiffs instead of being two and one-half should be one per cent, and evidently the plaintiffs agreed to the reduction because the action was to recover on the basis of one per cent commission instead of two and one-half per cent.

The complaint alleges that when the written contract for the purchase of the property was executed on February 1, 1923, the Benson Building Co., Inc., at the request of the defendant purchasers turned over to defendants the sum of $1,620, " the commission which the Benson Building Co., Inc., was required to pay to the plaintiffs herein for their services in having consummated the sale of the said premises, upon the distinct promise and understanding that the said Elias Kletzkin and Morris Kletzkin would

apply the same in payment of the obligation of the Benson Building Co., Inc., to the plaintiffs in this action, and the said defendants Elias Kletzkin and Morris Kletzkin accepted and received the same and agreed to turn the same over to the plaintiffs in this action in payment of the commissions earned by them as aforesaid."

This is the basis of the action against defendants Kletzkin. They were not liable to the plaintiffs for the brokers' commissions; that was the obligation of the Benson Building Co., Inc., the vendor. The cause of action against *defendants* is based on the allegation that they received $1,620 belonging to the three plaintiffs and that they promised to " turn the same over to the plaintiffs," not to two of the plaintiffs but to the three plaintiffs.

The complaint goes on to state that plaintiffs have demanded payment of the $1,620 from the defendants but that they have neglected and refused to pay the money, except that defendants paid to Samuel Merlin, one of the plaintiffs, the sum of $300 on account of the commission due, and plaintiffs allege that there is now due and owing to the *plaintiffs* the balance of $1,320, for which sum they demand judgment.

For some reason the answer of defendants to the amended complaint is not printed in the record nor are we advised when the action was commenced or when issue was joined.

On April 29, 1925, the attorneys for plaintiffs served a notice that they would apply to the court on May 4, 1925, " for an order striking out the name of Samuel Merlin as a party plaintiff to this action and permitting this action to continue with Barnet Wiener and Samuel Levick as sole plaintiffs."

The motion is based upon an affidavit made by one of the plaintiffs' attorneys, in which he says: " The action was started originally with three plaintiffs. The plaintiff Samuel Merlin desires to be stricken out as a party plaintiff in this action, so that this action may continue in the name of Barnet Wiener and Samuel Levick only as plaintiffs. The said Samuel Merlin has executed a consent that his name be stricken out as a party plaintiff. Attached hereto and made a part hereof is the original consent. I take it that any one of the plaintiffs has a perfect right voluntarily to discontinue or have his name dropped as party plaintiff in this action. This can be done in this case for the reason that the plaintiffs are not copartners and that the obligation to them is a several obligation." Attached to the motion papers is a paper signed and acknowledged by Samuel Merlin in which he consents " that I be stricken out as a party plaintiff to this action."

The defendants Kletzkin opposed the motion and defendant Elias Kletzkin submitted an affidavit in which he states that

issue having been joined by service of answer to the original complaint, the action was reached for trial on February 5, 1925, and that defendants Kletzkin were ready for trial, but that the case was marked off the trial calendar so that plaintiffs might apply for leave to amend the complaint. Permission was granted and the present amended complaint was served. The affidavit contains the statement that defendants answered the amended complaint " and denied generally the allegations of the complaint, except that they admitted that at the time of the signing of the contract the plaintiff Samuel Merlin was paid the sum of $420 by the defendant the Benson Building Co., Inc." The affidavit also avers that defendants further pleaded that the Benson Building Co., Inc., had paid to plaintiff Merlin any and all sums due the plaintiffs and that the answer alleged as a further defense that on January 17, 1923, when the contract for the sale of the premises was made, each of the plaintiffs was not a duly licensed real estate broker and was not authorized to do business as such in the city of New York. (Real Prop. Law, § 442-e, added by Laws of 1922, chap. 672, as amd. by Laws of 1924, chap. 579.) The affiant goes on to relate motions by defendants Kletzkin subsequent to service of the amended complaint for bills of particulars and orders directing service thereof, including particulars as to the licenses held by the plaintiffs authorizing them to carry on the business of real estate brokers, and goes on at great length to state disputes as to the sufficiency of the bill of particulars and amended bill of particulars served by plaintiffs, all having to do with the question whether the plaintiffs and particularly Merlin were duly licensed. The affiant states that defendants returned the bill served as insufficient, but that instead of complying with the orders directing service of the particulars plaintiffs made the motion to strike out the name of Merlin as plaintiff. And the affidavit continues with averments that the plaintiff Merlin was not a licensed real estate broker. It appears that in a second bill of particulars the plaintiffs stated with reference to the agreement made by the Kletzkins set forth in the complaint that their promise was to " apply the said sum of $1,620 in payment of the obligations of the Benson Building Co., Inc., towards the brokers who consummated the transaction, to wit, the plaintiffs in this action." When the motion to strike out Merlin as a plaintiff was made the action was on the calendar ready for trial under the issues raised by the amended pleading.

The attorney for the plaintiffs replied with an affidavit in which he asserts that the action is brought by the plaintiffs " severally and collectively," and that " the only reason why the plaintiff Merlin is dropped as a party plaintiff is that although he had a

license which expired on September 30, 1923, such license was not procured at the time the transaction alleged in the complaint was consummated," and he says he " realizes that the plaintiff * * * has no standing in court as party plaintiff in this action." The defendant Benson Building Co., Inc., has not answered the complaint. The learned justice at Special Term granted the motion to strike out Merlin as a party plaintiff and says: " There does not appear to be any reason why this should not be done."

But it will be perceived that if Merlin is not joined as a plaintiff the complaint will be subject to correction on motion. (See Civ. Prac. Act, § 277 *et seq.;* Rules Civ. Prac. rule 102.)   There was no application to amend the pleading.   The plaintiffs are not suing the defendants Kletzkin for services rendered in procuring a purchaser for the property.   The Kletzkins were not the vendors; they did not employ plaintiffs as brokers or promise to pay them commission. Their liability as stated in the amended complaint is based upon the claim that they received $1,620 upon their promise to pay the money to the plaintiffs — the three plaintiffs, not two of them. What bearing all this reference to the Real Estate Brokers' License Act and the complications over the bill of particulars has to do with the motion, I cannot see.   The cause of action pleaded against the Kletzkins is for money had and received which they promised to pay over to the three plaintiffs.   Two of the plaintiffs cannot maintain the action without joining the third man.

While ordinarily where no counterclaim has been interposed and the rights of the defendant are not prejudiced, a plaintiff may discontinue an action commenced by him upon proper terms as to costs and allowances, there appears to be no warrant for striking out one of the three parties plaintiff and allowing the remaining parties to prosecute an action " without prejudice," upon a contract in which defendants agreed to pay over the money to the three parties who originally brought the action.

I recommend that the order granting plaintiffs' motion to strike out one of the parties plaintiff and allowing action to proceed in the name of the remaining parties plaintiff be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

RICH, JAYCOX, KELBY and KAPPER, JJ., concur.

Order granting plaintiffs' motion to strike out one of the parties plaintiff and allowing action to proceed in the name of the remaining parties plaintiff reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.